NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD D. KEEFE,<br><br>Plaintiff,<br><br>v.<br><br>N.J. DEPT. OF CORRECTIONS, COUNTY OF MONMOUTH, UNION BEACH, N.J., and STATE OF N.J.,<br><br>Defendants. | Civ. No. 15-8584<br><br>**MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the application of *pro se* plaintiff Ronald D. Keefe ("Plaintiff") to proceed *in forma pauperis* in a matter concerning his loss of sanity, loss of children, and loss of all assets. (Compl. 2, ECF No. 1). The filing fee for a civil case in the United States District of New Jersey is $350.00, with an additional $50.00 administrative fee. To avoid paying these fees, a litigant may submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citations omitted). A litigant need not be "absolutely destitute" to qualify. *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) (citations omitted); *Still v. Shinseki*, 490 F. App'x 413, 413 (3d Cir. 2012).

1

It appears from the application that Plaintiff has no assets, with the exception of a 1994 Chevrolet Camaro, and receives $1,409.00 each month from Social Security Disability payments. However, Plaintiff's fixed expenditures essentially equal this income. Therefore, upon review, Plaintiff has shown sufficient economic disadvantage to proceed *in forma pauperis.*

However, the Court must also analyze Plaintiff's complaint to determine if the claims contained therein must be dismissed. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review the complaint and dismiss the action if it determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Because Plaintiff is proceeding *pro se,* the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

To evaluate whether a complaint must be dismissed for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Grayson v. Mawiew State Hosp.,* 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Court understands that Plaintiff's complaint pertains to the loss of his sanity, loss of his children, and the loss of all of his assets. (Compl. 2, ECF No. 1). However, even given the more lenient standard accorded to *pro se* plaintiffs under *Haines*, the Court is unable to discern any cause of action in Plaintiff's rambling narrative. Since the complaint lacks a discernable cause of action, it must be dismissed for failing to state a claim upon which relief can be granted. Therefore,

IT IS on this 25th day of April, 2016,

ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1-1) is GRANTED, but the complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. However, Plaintiff will be given leave to amend his complaint within thirty days.

.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.